UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-196-FDW

| | |
|---|---|
| MICHAEL ODELL FAIR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BERRY STEVENS, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff has filed an application to proceed *in forma pauperis*. See (Doc. No. 2).

**I.     BACKGROUND**

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for an incident that allegedly occurred at the Lincoln County Superior Courthouse. Plaintiff names as the sole Defendant Lincoln County Jail Officer Berry Stevens.

Construing the Complaint liberally and accepting it as true, Plaintiff appears to allege that he was a pretrial detainee when Officer Stevens transported him to Superior Court on May 10, 2018. Plaintiff was in a courtroom, handcuffed, and speaking to another inmate when an unnamed court officer grabbed Plaintiff's hands and twisted them until Plaintiff was bleeding. Officer Stevens then choked Plaintiff until he fainted from lack of air. Plaintiff woke up with his feet in the air and his head on the ground in extreme pain. Plaintiff believes that this was a malicious attack due to the amount of force that Officer Stevens used.

Plaintiff claims that he could not eat properly for eight days, is traumatized, and has continuous nightmares and "moral duress…." (Doc. No. 1 at 3). Plaintiff seeks $350,000 for pain

1

and suffering and requests a jury trial.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal

2

civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Unnamed Officer**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint refers to a court officer who is not named as a defendant in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against that individual nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served), *affirmed*, 210 F.3d 361 (4th Cir. 2000). The allegations directed at an individual not named as a Defendant are therefore dismissed without prejudice.

**(2) Excessive Force**

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," Bell v.

3

Wolfish, 441 U.S. 520, 538 (1989). While prisoners cannot be punished cruelly and unusually, pretrial detainees cannot be punished at all. Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015). Therefore, for pretrial detainee excessive force cases two issues are examined: 1) was the act purposeful (not negligent or accidental), and 2) was the force objectively unreasonable. Subjective questions like ill will and malice are not appropriate. Id. at 2473; see Duff v. Potter, 665 Fed. Appx. 242 (4th Cir. 2016). In determining whether the force was objectively unreasonable, a court considers the evidence from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. Kingsley, 135 S.Ct. at 2473. Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id. The standard is an objective one so the officer's motivation or intent is irrelevant. Duff, 665 Fed. Appx. at 244.

Plaintiff's claim that he was choked into unconsciousness while fully restrained is not frivolous on its face and is sufficient to pass initial review. Therefore, Plaintiff's excessive force claim against Defendant Stevens will be permitted to proceed.

### IV. CONCLUSION

For the reasons stated herein, the Plaintiff's excessive force claim is sufficient to pass initial review against Defendant Stevens pursuant to 28 U.S.C. § 1915, but his allegations against an individual who is not named as a Defendant in this action are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The excessive force claim against Defendant Stevens survives initial review under 28

U.S.C. § 1915.

2. The remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to enter and Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

4. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on **Defendant Berry Stevens**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: January 17, 2019

Frank D. Whitney
Chief United States District Judge