# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-196-FDW

| MICHAEL ODELL FAIR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| BERRY STEVENS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Compel and for Sanctions, (Doc. No. 25), and on *pro se* Plaintiff's Motion for Extension of time, (Doc. No. 27), and Motion to Stay Further Proceedings, (Doc. No. 28).

Defendant previously filed a Motion seeking to depose Plaintiff in prison, which was granted. (Doc. Nos. 23, 24). Plaintiff was noticed for deposition in the instant case as well as in another case pending before this Court, Fair v. Houser, 5:18-cv-186-FDW, but Plaintiff refused to participate in the deposition. See (Doc. Nos. 26-1, 26-2). In the instant Motion to Compel, Defendant asks that Plaintiff be ordered to participate in the next noticed deposition and that, if he refuses, this case and case number 5:18-cv-186 may be dismissed.

A court has discretion to impose sanctions, including dismissal or default, when a party fails to provide court-ordered discovery or appear for a deposition. See Fed. R. Civ. P. 37, 41; Hathcock v. Navistar Intern'l Transp. Corp., 53 F.3d 36 (4th Cir. 1995).

Plaintiff is directed to attend his deposition after receiving a renewed notice from Defendant. Plaintiff's failure to comply with this directive may result in the imposition of sanctions including dismissal of the Complaint. However, Defendant's Motion is denied insofar as he asks

the Court to caution Plaintiff that case number 5:18-cv-186 may be dismissed if he fails to attend the deposition. The Defendant in case number 5:18-cv-186 must file a separate motion in that case to obtain the requested relief.

*Pro se* Plaintiff has filed two Motions in which he appears to ask the Court to stay further proceedings or for an extension of time so that he can obtain records about the officers involved in the alleged assaults before his deposition. He notes that he is a layman, NCDPS does not have law libraries, and he has been denied counsel. He claims that proceeding without these documents would prejudice him because he needs them to "format meritorious questions." (Doc. No. 27 at 1); (Doc. No. 28 at 1).

To the extent that Plaintiff requests discovery, his request is misdirected to the Court. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); (Doc. No. 42) (Pretrial Order and Case Management Plan). Plaintiff is instructed to direct his discovery requests to the appropriate party or parties in accordance with the applicable procedural rules and Pretrial Order and Case Management Plan. Further, Plaintiff has failed to adequately explain how additional time to review discovery and "format meritorious questions" is relevant to his own deposition. Plaintiff's Motions seeking a stay and an extension of time will therefore be denied.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion to Compel and for Sanctions, (Doc. No. 25), is **GRANTED** in part and **DENIED** in part as stated in this Order. Plaintiff's failure to comply with this

directive may result in the imposition of sanctions including dismissal of the Complaint.

(2)  Plaintiff's Motion for Extension of time, (Doc. No. 27), and Motion to Stay Further Proceedings, (Doc. No. 28), are **DENIED**.

(3) Plaintiff is further instructed to direct his discovery requests to the appropriate party or parties in accordance with the applicable procedural rules and Pretrial Order and Case Management Plan.

Signed: June 28, 2019

Frank D. Whitney
Chief United States District Judge