# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-196-FDW

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BERRY STEVENS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion to Compel, (Doc. No. 36), Motion to Appoint Counsel, (Doc. No. 40), and Motion to Amend (Doc. No. 41).

Plaintiff's Motion to Compel will be denied as moot because, he was appointed the services of the North Carolina Prisoner Legal Services, Inc. ("NCPLS") which assisted him with discovery. (Doc. No. 34).

Plaintiff seeks the appointment of counsel due to circumstances including the complexity of his case, his ignorance of the law, and his incarcerated status. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff's motion is moot insofar as he had the assistance of NCPLS with discovery. Now that NCPLS has moved to withdraw, he has failed to establish the existence of exceptional circumstances to warrant the appointment of counsel at this state of the proceedings. Therefore, his Motion will be denied.

Finally, Plaintiff seeks to amend his Complaint to correct the date of the alleged incident

by one day. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the deadline to amend has expired, (Doc. No. 34), the Court finds that it is in the interest of justice to permit Plaintiff to correct the date of the alleged incident.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Compel, (Doc. No. 36), is **DENIED** as moot.

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 40), is **DENIED**.

(3) Plaintiff's Motion to Amend, (Doc. No. 41), is **GRANTED** as stated in this Order.

Signed: December 18, 2019

Frank D. Whitney
Chief United States District Judge