IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00196-MR

| | |
|---|---|
| MICHAEL ODELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| BERRY STEVENS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment [Doc. 50]. Also pending is Plaintiff's "Notice of Motion for Declaration to Support Amend Response Subpoena or Call Witnesses or Order Statements Concerning 5:18-cv-196-FDW Case" [Doc. 59] that was docketed as a Motion for Leave to File Surreply.

## I. BACKGROUND

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The Complaint [Doc. 1] addresses an incident that allegedly occurred at the Lincoln County Courthouse while Plaintiff was a pretrial detainee in May 2018. The Defendant is Barry Stephens (named as "Berry Stevens" in the Complaint), a Lincoln County Jail officer. The Complaint passed initial review on a claim of excessive force. Plaintiff

alleges that there was a confrontation in a courtroom during which Defendant Stephens choked Plaintiff, who was handcuffed, until Plaintiff lost consciousness.[1] Plaintiff alleges that the attack was malicious and that he was unable to eat properly for eight days due to injuries to his neck. He claims that the incident caused trauma and nightmares. Plaintiff seeks $350,000 for pain and suffering and requests a jury trial.

Defendant Stephens now moves for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies; that the force Defendant Stephens used was objectively reasonable; and that Defendant Stephens is entitled to qualified immunity because he did not violate Plaintiff's clearly established rights.

Plaintiff has filed responses to Defendant Stephens' Motion for Summary Judgment. [Docs. 52, 56]. He has also filed a Notice that is construed as a Motion seeking leave to file a surreply. [Doc. 59].

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether

---

[1] Plaintiff was charged with communicating a threat to another Lincoln County officer, Deputy C. Mincey, in connection with the incident. [See Doc. 51-2 at 58].

2

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. Dash v. Mayweather, 731 F.3d 303, 311, (4th Cir. 2013).

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). (citation omitted); Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id. The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'"

Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The sole exception to PLRA's exhaustion requirement is found in the plain text, i.e., "[a] prisoner need not exhaust remedies if they are not 'available.'" Ross v. Blake, 136 S.Ct. 1850, 1855 (2016). An administrative remedy is not "available" if a prisoner, "through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Examples of unavailability are: (1) where the procedure operates as a simple dead end because officials are unable or consistently unwilling to provide any relief to aggrieved inmates; (2) where the grievance process itself is so incomprehensible that no ordinary prisoner can discern or navigate it; and (3) where administrators prevent inmates from availing themselves of remedies by way of machination, misrepresentation, or intimidation. Ross, 136 S.Ct. at 1858-60.

Plaintiff alleges, and Defendant does not dispute, that Plaintiff was taken back to the Mecklenburg County Jail after the incident with Defendant Stephens. Plaintiff further alleges that he attempted to file a grievance about the incident with Defendant Stephens while he was at the Mecklenburg County Jail. Defendant argues that Plaintiff had the opportunity to grieve the incident when he was returned to the Lincoln County Jail on June 25, 2018.

Here, the Lincoln County Sheriff's Office Inmate Handbook requires a

grievance to be filed within ten days after an incident. [Doc. 51-6 at 2]. The ten-day limit for filing a grievance for the May 9, 2018 incident had expired by the time Plaintiff returned to the Lincoln County Jail on June 25, 2018. Thus, viewing the evidence in the light most favorable to Plaintiff, the Lincoln County Jail's administrative grievance procedure was not "available" to Plaintiff under these circumstances. See, e.g., Ramirez v. Young, 906 F.3d 530 (7th Cir. 2018) (holding that prisoner did not need to satisfy PLRA's exhaustion requirement where remedies were not available to the prisoner at a time when he could have filed a timely grievance). Accordingly, Defendant's Motion for Summary Judgment based on the lack of exhaustion of administrative remedies will be denied.

**B. Excessive Force**

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the

5

perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396). Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id.

In the instant case, the parties dispute the circumstances surrounding the use of force, the amount of force that Defendant Stephens used on Plaintiff, the amount of force that was reasonable under the circumstances, and the extent of the injury suffered by Plaintiff, if any. These questions are genuine disputes of material fact and must be determined by a jury. Defendant's Motion for Summary Judgment on this basis will therefore be denied.

### C. Qualified Immunity

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (*en banc*). "To determine whether an officer is entitled to

6

Case 5:18-cv-00196-MR   Document 61   Filed 07/08/20   Page 6 of 8

qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

Defendant Stephens argues that he should be granted qualified immunity because he did not violate any of Plaintiff's clearly established rights. However, the reasonableness of Defendant's use of force is a jury question in the instant case that precludes the Court from determining whether Defendant Stephens violated Plaintiff's clearly established rights. Summary judgment based on qualified immunity will therefore be denied.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment is denied, and this case will therefore proceed to trial.[2] Plaintiff's Motion for Leave to File Surreply is denied as moot.

---

[2] Plaintiff will proceed to trial *pro se*. [See Misc. Case No. 3:19-mc-00013-MR Doc. 4:

7

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Notice of Motion for Declaration to Support Amend Response Subpoena or Call Witnesses or Order Statements Concerning 5:18-cv-196-FDW Case" [Doc. 59], which was docketed as a Motion for Leave to File Surreply, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Doc. 50] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 8, 2020

Martin Reidinger
Chief United States District Judge

---

Order of Suspension of Prisoner Assistance Program].