IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00196-MR

| | | |
|---|---|---|
| MICHAEL ODELL FAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BERRY STEVENS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's "Motion to Subpoena Plaintiff's Witnesses for Entire Trial: In Awe and Prayer Truth Affidavit" [Doc. 69], and "Motion of Prayer for Information to be Provided to Plaintiff of Civil Case Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987)" [Doc. 71].

The incarcerated Plaintiff, who is proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 regarding an alleged use of force incident that occurred at the Lincoln County Courthouse. A jury trial has been scheduled to begin on March 8, 2021. [See Doc. 63].

In his "Motion to Subpoena…," Plaintiff lists 10 witnesses who he seeks to call at trial, most of whom he claims are incarcerated in the North Carolina

Department of Public Safety (NCDPS). Plaintiff alleges that these individuals witnessed the excessive force incident.

Although Plaintiff alleges that most of these witnesses are in NCDPS custody, only one of them appears to be a current NCDPS inmate.[1] The remaining witnesses do not appear to be incarcerated with NCDPS and Plaintiff has failed to provide their addresses so that subpoenas may be issued. Moreover, Plaintiff has failed to show that he can afford to the pay the costs related to obtaining these witnesses' attendance at trial. See Fed. R. Civ. P. 45(b)(1) (fees[2] and mileage must be tendered for the issuance of subpoenas requiring a person's attendance). That the *pro se* Plaintiff is proceeding *in forma pauperis* does not excuse him from this requirement. See United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress."); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C. § 1915 does not authorize the payment of litigation expenses and "[o]rdinarily, the plaintiff must bear the costs of his litigation … even in *pro se* cases."). Plaintiff's Motion also appears to

---

[1] See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=list (Joshua L. Blackwell, Offender No. 0467982, located at Tabor C.I.); Fed. R. Ev. 201.

[2] Witness fees do not apply to incarcerated witnesses. 28 U.S.C. § 1821(f).

premature insofar as more than three months remain before the scheduled trial date and the parties have not indicated whether they have explored the possibility of settling this case.[3]  Plaintiff's Motion seeking the issuance of subpoenas for trial will therefore be denied at this time.

In his "Motion for Prayer for Information…," Plaintiff requests a copy of a case that the Court has previously cited in denying his request for the appointment of counsel, which Plaintiff claims he has been unable to obtain. The Motion will be granted insofar as the Clerk will be instructed to mail Plaintiff a copy of the case as a courtesy.

**IT IS, THEREFORE, ORDERED** that "Motion to Subpoena Plaintiff's Witnesses for Entire Trial: In Awe and Prayer Truth Affidavit" [Doc. 69] is **DENIED**.

Plaintiff's "Motion of Prayer for Information to be Provided to Plaintiff of Civil Case Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987)" [Doc. 71] is **GRANTED**.  The Clerk is instructed to mail Plaintiff a courtesy copy of Miller v. Simmons along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge

---

[3] To facilitate a resolution of this case, the parties may request a judicial settlement conference before the Magistrate Judge.  See LCvR 16.3(d)(2).

3